**UNITED STATES of America, Plaintiff,**

**v.**

**Michael ABBELL and Hugo Perera, Defendants.**

**No. 93–470–CR.**

United States District Court,
S.D. Florida.

Sept. 20, 1995.

450

Bill Pearson, Edward Ryan, Lisa Hirsch, Assistant United States Attorneys, Miami, FL, for the U.S.

Roy Black, Roy Black, P.A., Miami, FL, for Abbell.

Howard Srebnick, Roy Black, P.A., Miami, FL, for Perera.

### ORDER DENYING MOTION TO DISQUALIFY

HOEVELER, Senior District Judge.

THIS CAUSE comes before the Court upon the United States' Motion to Disqualify.

The U.S. moves to disqualify Roy Black, who has filed a temporary appearance on behalf of Michael Abbell, and Howard Srebnick, who represents Hugo Perera and is an associate in the law firm of Roy Black, P.A.[1] On August 9, 1995, the Court issued a provisional order denying the Government's motion. The purpose of this Order is to elaborate on the Court's findings and analyze the issues raised by this motion.

The Government seeks to disqualify Black on two separate grounds—first, his representation of Lawrence Kerr before the grand jury investigating this case, and second, his consultation with Francisco Laguna on September 12, 1994. As these circumstances present distinct factual and legal questions, the Court will analyze them separately.

### Conflict of interest presented by Roy Black's representation of Lawrence Kerr

Black represented Lawrence Kerr before the grand jury and met with members of the prosecution team on Kerr's behalf. Kerr is a former associate in the law firm of Moran & Gold, P.A. William Moran, a partner in the same law firm, is a defendant in this case. Kerr currently has use immunity, and it is anticipated that Kerr will testify for the prosecution at trial. The Government, thus, seeks to disqualify Black on the basis of his representation of a client connected to this case. Kerr has not joined the Government's motion, but instead has waived his attorney-client privilege with Black and stated that he has no objections to Black's cross-examining him at trial. Similarly, Abbell has waived any conflict of interest posed by Black's representation of Kerr and himself.

■ Under the Sixth Amendment of the Constitution, a criminal defendant has the right to be represented by counsel of his choice. In our adversarial system, this right is one of the most important that a defendant possesses. Nonetheless, this right is not absolute; while it guarantees that a defendant will be represented by competent counsel, it does not ensure that representation will be by counsel of choice. *Wheat v. United States*, 486 U.S. 153, 159, 108 S.Ct. 1692, 1697, 100 L.Ed.2d 140 (1988). There are circumstances in which it may be necessary for a court to disqualify an attorney selected by a defendant. "In determining whether or not to disqualify defense counsel, the court must balance two Sixth Amendment rights: (1) the right to be represented by counsel of choice and (2) the right to a defense conducted by an attorney who is free of conflicts of interest ... The need for fair, efficient, and orderly administration of justice overcomes the right to counsel of choice where an attorney has an actual conflict of interest, such as when he has previously represented a person who will be called as a witness against a current client at a criminal trial." *United States v. Ross*, 33 F.3d 1507, 1523 (11th Cir.1994), *cert. denied,* — U.S. —, 115 S.Ct. 2558, 132 L.Ed.2d 812 (1995).

■ In the instant case, it is possible that a conflict of interest could arise in the future because "the subject matter of the first representation is substantially related to that of the second." *Id.* at 1523. Black currently represents two attorneys who are alleged to have represented members of the Cali Cartel. Nonetheless, "where an actual conflict of interest exists subjecting the attorney to disqualification, the client may waive this conflict of interest and elect to have the attorney continue representation." Both Kerr and Abbell have taken such a step. The Court is confident that their waivers are knowing, intelligent and voluntary.

■ Of course, a court is not required to accept a waiver of a conflict of interest. *Id.* at 1524. However, in this case, the Government has not presented compelling reasons to reject these waivers. The Government offered excerpts of Kerr's testimony before the grand jury. Rather than demonstrating that Kerr would implicate Abbell directly in the charges alleged in the indictment, the testimony tended to show that the relationship between Kerr and Abbell is attenuated. At this stage of the proceedings, it does not appear that Black's representation of Kerr would render "the Court's verdict suspect

---

1. The Government's motion also seeks to disqualify Leonard Rosenberg, who represented Alain Milanes at the time the motion was filed. He has subsequently withdrawn from the case, and this aspect of the motion is, therefore, moot.

and the [client's] assistance of counsel unethical and ineffective." *Id.* Accordingly, Black's representation of Kerr does not provide grounds for disqualifying him from representing Abbell.

## Conflict of interest presented by Roy Black's meeting with Francisco Laguna

At the beginning of September, 1994, Francisco Laguna sought to retain counsel because he was a possible target of a grand jury investigation. Agents of the federal government had recently executed a search warrant of the Miami office of his law firm Ristau & Abbell. On September 12, 1994, Laguna contacted Black at his office and requested a meeting. That evening, Black met Laguna in a Miami restaurant. The meeting lasted for approximately one hour.[2] The Government argues that Black should be disqualified on the basis of this meeting because Black consulted with Laguna with a view to representation and received confidential information from Laguna during this meeting. Laguna has joined the Government's motion and refuses to waive the attorney-client privilege which, he alleges, attached at this meeting.

Laguna has subsequently plead guilty to charges stemming from the filing of false affidavits and has agreed to cooperate with the Government. It is anticipated that Laguna will testify at trial against Michael Abbell, Laguna's former employer and Black's present client. Thus, the possibility exists that Black will cross-examine Laguna, if he remains counsel for Abbell.

█ It is well-settled that the attorney-client privilege covers conversations between attorneys and those seeking legal representation. The privilege precludes an attorney from disclosing information obtained during the course of such consultations. *In re Grand Jury Proceedings,* 517 F.2d 666, 670

(5th Cir.1975). Both attorney and client benefit from the policy grounds underlying the privilege—promoting candor during preliminary discussions. It is on the basis of this privilege that the Government seeks to disqualify Black.

There are no reported cases in which an attorney has been disqualified from a case as a result of preliminary discussions between a lawyer and a prospective client.[3] *See United States v. Ross,* 33 F.3d 1507 (11th Cir.1994) (the disqualified law firm represented a government witness who plead guilty to drug-related charges and who would testify against the firm's present client); *United States v. O'Malley,* 786 F.2d 786 (7th Cir. 1986) (disqualifying an attorney who represented a government witness in two separate criminal matters and obtained confidential information relevant to his cross-examination of that witness). Nonetheless, it is conceivable that a single consultation could be grounds for disqualification, depending upon the nature of the relationship between the parties and the extent of disclosure from client to attorney. In resolving this motion, the relevant inquiry is, therefore, whether an attorney-client relationship developed during the meeting, and whether Laguna revealed sufficient confidential information to warrant disqualification of Black.

█ In determining whether the attorney-client privilege has attached, the Court must examine the circumstances from the perspective of the client. *United States v. Schaltenbrand,* 930 F.2d 1554, 1562 (11th Cir.), *cert. denied,* 502 U.S. 1005, 112 S.Ct. 640, 116 L.Ed.2d 658 (1991). Given the nature of this meeting, it is reasonable for Laguna to assert that the conversation was covered by the attorney-client privilege. Black and Laguna were neither professional nor personal acquaintances. The purpose of the meeting was to discuss Laguna's legal complication.

---

**2.** Black subsequently met with Laguna on one other occasion in order to assist him in retaining alternate counsel. This second meeting does not have any bearing upon the question before this Court.

**3.** The Government argues that *United States v. Moscony* presents such a factual situation. 927

F.2d 742 (3rd Cir.), *cert. denied,* 501 U.S. 1211, 111 S.Ct. 2812, 115 L.Ed.2d 984 (1991). While it is true that defense counsel met individually with a co-defendant on only one occasion, the Court undoubtedly was persuaded to disqualify the attorney because he also represented two other defendants in the case and had met with one of them on more than one occasion.

■ Nonetheless, disqualification of Black is not required because it is unclear what confidential information Laguna communicated to Black. Laguna's affidavit alleges in extremely general terms what he revealed to Black.[4] Black concedes that Laguna disclosed certain confidential information, but like Laguna, provides only sketchy details of the contours of the conversation.

The Court is persuaded for several reasons that the confidential information which Laguna revealed was limited in nature and would not be beneficial to Black in his defense of Abbell. First, the conversation between Black and Laguna was extremely brief, and it is, therefore, unlikely that a meaningful exchange of information occurred. A good part of the meeting was devoted to the question of retention of counsel. Black maintains that Laguna asserted his innocence at the meeting, and it is, therefore, doubtful that the parties delved deeply into the criminal acts which Laguna will testify to at trial. Second, Laguna's affidavit does not set forth sufficient facts to indicate what he disclosed to Black. The Court is left to speculate what was said at this meeting. Third, the Court is persuaded by Black's assertion that he has only a general, vague recollection of the details of the conversation, which occurred over a year ago. He did not take notes of the conversation, nor did he open a file in his office after the meeting. Finally, much of what Laguna revealed to Black is either in the public domain or in the possession of the Government. Laguna has not alleged otherwise. For example, there is no showing that he revealed information to Black which he has not also told the Government or which is not known to the Government. For all of these reasons, the Court believes that if Black cross-examines Laguna at trial, he will not have an unfair advantage, nor will Laguna be prejudiced, as a result of their prior conversation.

In making the factual determinations required by this motion to disqualify, the Court must also take into consideration the credibility of the parties. Black has a distin-

guished reputation in the Miami legal community. He has appeared before this Court in several trials, and has consistently conducted himself in an ethical manner. The Court is less familiar with the background of Laguna. It is aware that Laguna has plead guilty to charges stemming from the filing of false affidavits. These facts are considerations in evaluating the testimony of these witnesses.

In conclusion, the Government has not made a sufficient showing to overcome Abbell's Sixth Amendment right to select counsel of choice. The Government's Motion to disqualify Black is hereby DENIED.

**Conflict of interest presented by Howard Srebnick's representation of Hugo Perera**

The Court's decision not to disqualify Black renders moot the Government's motion to disqualify Srebnick on the basis of his being a member of the law firm Roy Black, P.A.

**Conflict of interest presented by joint representation of two defendants in the same cause by the law firm of Roy Black, P.A.**

■ In its order of August 9, 1995, the Court raised *sua sponte* the question of whether it is proper for Black and Srebnick, both members of the law firm of Roy Black, P.A., to represent Abbell and Perera in the same case. The parties have submitted legal memoranda on this issue, and on September, 18, 1995, the Court held a *Garcia* hearing in order to explore further this potential conflict of interest. At this hearing, the Court stated that as a general rule, it did not believe that joint representation was advisable and described some of the perils associated with it. The Court then followed the procedures set forth in *United States v. Garcia*, 517 F.2d 272, 278 (5th Cir.1975), and ensured that both Defendants were aware of the specific facts and consequences of joint representation. Both Abbell and Perera waived their right to conflict-free representation, and the Court finds that Defendants made these waivers knowingly, intelligently and voluntarily. *Id.* at 278. As the Government has no further objections to joint representation

---

4. Counsel for Laguna submitted a motion on behalf of Laguna, in which he provides greater detail of what was said at the meeting on Sep-

tember 12, 1994. As this information was not included in either of Laguna's sworn affidavits, it is discounted by the Court.

by Black and Srebnick, the Court is satisfied that its ethical concerns have been addressed.

The Government's Motion to disqualify Roy Black and Howard Srebnick is hereby DENIED. Having determined that these attorneys may continue to represent their respective clients, the Court expects that if a conflict of interest arises in the future, Black and Srebnick will bring it to the immediate attention of this Court.

DONE AND ORDERED.